UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CURRY WHITE,<br>Plaintiff,<br>v.<br>DEPARTMENT OF VETERAN AFFAIRS, et al.,<br>Defendants. | Case No. 19-cv-04333-KAW<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; REPORT AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE; ORDER REASSIGNING CASE TO A DISTRICT JUDGE**<br><br>Re: Dkt. Nos. 1, 2 |

On July 29, 2019, Plaintiff Elizabeth Curry White filed this civil action and application to proceed *in forma pauperis*. Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, REASSIGNS the case to a district judge with the recommendation that the case be DISMISSED with prejudice.

### I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

This is the second case Plaintiff has filed regarding the Department of Veterans Affairs' allegedly improper offsetting of Plaintiff's retirement payments in order to collect on a debt. (*See White v. Wright*, Case No. 17-cv-3956-KAW, Dkt. No. 1 ("2017 Compl."); *White v. Department of Veterans Affairs*, Case No. 19-cv-4333-KAW, Dkt. No. 1 ("2019 Compl.").) In both cases, Plaintiff alleges that she was a fiduciary payee for the VA benefits of her brother, Clifford E. Curry, a disabled veteran. (2017 Compl. at 22; 2019 Compl. at 3.) The VA found that Plaintiff used $25,000 of Mr. Curry's benefits to purchase a condominium, and began taking a monthly offset of 25% from Plaintiff's federal retirement benefits. (2017 Compl. at 9, 14-15, 23; 2019 Compl. at 3-4.) Plaintiff, however, asserts that Mr. Curry falsified information to the VA, and that she is not responsible for the debt. (2017 Compl. at 23; 2019 Compl. at 4.)

On February 2, 2018, the Court dismissed Plaintiff's original case due to lack of jurisdiction. (*See* Attachment A ("Order on Mot. to Dismiss") at 9.) As further explained in the order, the Court found that Plaintiff's claim fell within the purview of the Veterans' Judicial Review Act of 1988. (*Id.* at 5-9.) Thus, the Court lacked jurisdiction over the case.[1] As the

---

[1] In opposing the relation of the 2019 case to the 2017 case, Plaintiff states she was not able to file an appeal with the Court of Appeals for Veterans Claims because that court applies to veterans only. (Case No. 17-cv-3956-KAW, Dkt. No. 39 at 2.) In its prior order, the Court explained that while Plaintiff was not the veteran, but the alleged fiduciary, "there are cases outside of this Circuit in which courts have found claims brought by non-veterans to be encompassed by the VJRA." (Order on Mot. to Dismiss at 8.) Further, although Plaintiff attaches a March 14, 2018

2

instant case concerns the same claims, which in turn directly affect benefits under the VJRA, the Court finds that it lacks jurisdiction here too.

### III. CONCLUSION

For the reasons set forth above and in the February 2, 2018 dismissal order, the Court REASSIGNS this action to a district judge with the recommendation that the action be DISMISSED for lack of jurisdiction.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

The Court also refers Plaintiff to the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—which can be reached by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in understanding the Court's jurisdictional limitations.

IT IS SO ORDERED.

Dated: September 24, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

letter stating that the Court of Appeals for Veterans Claims' authority "is limited to the review of final decisions of the Board of Veterans Appeals (Board) that are adverse to the veteran and which the veteran then appeals to the Court within 120 days of that final decision," the letter did not preclude Plaintiff from filing an appeal. (2019 Compl., Exh. 3.) Rather, it stated that the Court of Appeals for Veterans Claims could not find Plaintiff's case. (*Id.*) The Court also notes that it is not clear Plaintiff has filed a claim with the *Board* of Veterans Appeals, which is required prior to filing with the Court of Appeals for Veterans Claims.